[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13400
Non-Argument Calendar
_____

D.C. Docket No. 4:02-cr-00282-WTM-CLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO DECORE SAMUEL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 18, 2020)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Samuel appeals the district court's denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Samuel argues that the district court legally erred when it found that he was not eligible for relief under the First Step Act, and that this legal error influenced its discretionary decision to deny a reduction even assuming he was eligible. We agree on both points and, accordingly, vacate and remand.

## I.

In 2003, Samuel pled guilty under a written agreement to one count of possession with intent to distribute five grams or more of cocaine base ("crack" cocaine) and a quantity of powder cocaine, in violation of 18 U.S.C. § 841(a)(1). With that quantity Samuel was subject to the penalties in 21 U.S.C. § 841(b)(1)(B)(iii) (2002), which at that time were a minimum prison term of five years and a maximum prison term of forty years.

The presentence investigation report ("PSR") determined that Samuel qualified as a "career offender" under U.S.S.G. § 4B1.1 based on prior drug-trafficking offenses. Because the statutory maximum was twenty-five years or more, his base offense level under § 4B1.1 was 34, instead of the base offense level of 32 that would have applied based on the drug quantity of 143.9 grams of crack cocaine.

At Samuel's sentencing in April 2003, the district court adopted the PSR's factual statements and guideline calculations without objection and sentenced

Samuel to 262 months of imprisonment.  We affirmed Samuel's sentence on appeal. *United States v. Samuel*, 103 F. App'x 666 (11th Cir. 2004) (table decision).

Approximately seven years after Samuel was sentenced, Congress passed the Fair Sentencing Act of 2010 to reform the penalties for crack cocaine offenses.  *See* Pub. L. 111-220, 124 Stat 2372 (2010); *Kimbrough v. United States*, 552 U.S. 85, 97–98 (2007).  As relevant to this case, a defendant now must traffic at least 280 grams of crack cocaine (formerly 50 grams) to trigger the highest penalties, 21 U.S.C. § 841(b)(1)(A)(iii), and 28 grams of crack cocaine (formerly 5 grams) to trigger the intermediate penalties, *id.* § 841(b)(1)(B)(iii).  *See* Fair Sentencing Act § 2.[1]  Any amount less than 28 grams of crack cocaine (formerly 5 grams) is punishable under 21 U.S.C. § 841(b)(1)(C).  But, until recently, these reduced penalties applied to only defendants who were sentenced on or after August 3, 2020, the effective date of the Fair Sentencing Act.  *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

In the First Step Act, Congress made these reduced penalties retroactive.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Section 404 of the First Step Act authorizes the district courts to reduce the sentences of crack cocaine

---

[1] The Fair Sentencing Act also eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine.  Fair Sentencing Act § 3.

3

defendants as if § 2 of the Fair Sentencing Act had been in effect when they committed their crimes. *Id.* § 404(b).

In June 2019, Samuel moved for a sentence reduction under the First Step Act. He contended that he was eligible for a reduction because, under the Fair Sentencing Act, possession with intent to distribute five grams of crack cocaine was subject to a statutory sentence range of zero to twenty years of imprisonment, *see* 21 U.S.C. § 841(b)(1)(C), rather than five to forty years of imprisonment. He further asserted that a reduction was warranted because he had already served seventeen years in prison and had participated in educational and vocational programs. Samuel sought a reduction that would permit his immediate release.

In response, the government argued that Samuel was not eligible for a reduction because, based on the drug quantity finding in the PSR, he remained subject to the same statutory penalties. It also asserted that the district court should exercise its discretion to deny a reduction even if Samuel was eligible.

The district court denied Samuel's motion for a sentence reduction. According to the court, Samuel was not eligible for a reduction under the First Step Act because "he still would have been subject to the five to forty year statutory term of imprisonment because [he] was held accountable for 143.9 grams of crack cocaine." The court further stated that, even if Samuel was eligible for relief, it would not exercise its discretion to reduce his sentence because "a sentence of 262

4

months was sufficient but not greater than necessary to satisfy all of the factors under 18 U.S.C. § 3553(a)."  Samuel now appeals.

## II.

We review *de novo* whether a district court had the authority to modify a term of imprisonment under the First Step Act.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review the denial of an eligible First Step Act movant's request for a reduced sentence for an abuse of discretion.  *Id.*  "A district court by definition abuses its discretion when it makes an error of law."  *Koon v. United States*, 518 U.S. 81, 100 (1996).  Thus, review for an abuse of discretion "includes review to determine that the discretion was not guided by erroneous legal conclusions."  *Id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  As relevant here, the First Step Act expressly permits district courts to "impose a reduced sentence for defendants as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'"  First Step Act § 404(b).  In other words, § 404 of the First Step Act makes retroactive the reduced statutory penalties for certain crack cocaine offenses under the Fair Sentencing Act, which originally did not apply to defendants who were sentenced before the effective date of that act.  *See Jones*, 962 F.3d at 1297.  Nevertheless,

5

even if a defendant is eligible for a reduction, "nothing" in the First Step Act "require[s] a court to reduce any sentence." First Step Act § 404(c).

To be eligible for a reduction under § 404(b), the defendant must have been sentenced for a "covered offense" as defined in § 404(a). *Jones*, 962 F.3d at 1298. The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act § 404(a).

When the district court decided Samuel's motion, it was an open question whether eligibility for a sentence reduction under the First Step Act was based on the statute of conviction or on the defendant's actual conduct. *See Jones*, 962 F.3d at 1298–1301. The court sided with the government's position and determined Samuel's eligibility based on his actual conduct, specifically the PSR's unobjected-to drug quantity finding of 143.9 grams of crack cocaine.

But we have since rejected the argument that the district court "must determine a movant's 'covered offense' by considering the specific quantity of crack cocaine involved in the defendant's violation."[2] *Jones*, 962 F.3d at 1301. Rather, we stated, the court should consider only whether the quantity of crack cocaine

---

[2] An arguable exception applies where a movant was sentenced before *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the judge made "a previous drug-quantity finding that was necessary to trigger the statutory penalty"—that is, where the jury verdict or guilty plea did not establish a specific drug quantity under 21 U.S.C. § 841(b)(1). *Jones*, 962 F.3d at 1302. In such a case, the court may consider its prior drug-quantity findings when making the "covered offense" determination. *Id.*

satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.* And "[a] defendant has a "covered offense" if "the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." *Id.* So, any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to his eligibility. *Id.* Nevertheless, the court may consider its prior drug quantity findings in deciding whether and to what extent to grant a sentence reduction under the First Step Act. *Id.*

Here, Samuel has a "covered offense" because his offense "triggered the higher penalties in section . . . [841(b)(1)](B)(iii)." *Id.* He specifically pled guilty to possession with intent to distribute five grams or more of crack cocaine, which at that time carried a statutory sentencing range of between five and forty years of imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2002). After the Fair Sentencing Act, that same quantity is punishable under § 841(b)(1)(C), which carries a maximum sentence of twenty years in prison and no mandatory minimum. 21 U.S.C. § 841(b)(1)(C). Although Samuel's offense involved 143.9 grams of crack cocaine, that amount is not relevant to the eligibility determination. *See Jones*, 962 F.3d at 1301. Because the Fair Sentencing Act modified the penalties for Samuel's offense,

he has a "covered offense" under the First Step Act. Accordingly, the district court legally erred in finding that Samuel was not eligible for a sentence reduction.

An error in determining eligibility may not always warrant remand—that is, may be harmless—where, as in this case, the district court went further and concluded in the alternative that it would not grant a reduction even if the defendant was eligible. But for a court to properly exercise its discretion, it must not be influenced by a mistake of law. *See Koon*, 518 U.S. at 100.

Here, we cannot say that the district court's error was harmless. Although the district court stated that it would exercise its discretion to deny a reduction even assuming Samuel was eligible, it erroneously determined that his statutory sentencing range remained unchanged, with a statutory maximum of forty years of imprisonment. As we explained above, if the Fair Sentencing Act had been in effect at the time of Samuel's offense, the statutory maximum would have been twenty years of imprisonment, which is below Samuel's current sentence of 262 months. Because the district court's error of law may have influenced its decision to deny a discretionary reduction, we vacate and remand for further proceedings with respect to Samuel's First Step Act motion.[3] *See id.*

---

[3] We leave for another day the question of whether a district court *must* reduce a defendant's sentence where retroactive application of the Fair Sentencing Act results in a statutory maximum that is below the defendant's current sentence.

For these reasons, we **VACATE** the denial of Samuel's motion requesting a sentence reduction under § 404(b) of the First Step Act and **REMAND** for further proceedings consistent with this opinion.